UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELINA SMITH,

    Plaintiff,

v.                                                      Case No: 8:16-cv-974-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff, Angelina Smith, seeks judicial review of the denial of her claims for a period of disability, disability insurance benefits, and supplemental security income. As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

**BACKGROUND**

### A.  Procedural Background

Plaintiff filed applications for disability insurance benefits and supplemental security income on December 22, 2011. (Tr. 222–35.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 120–24, 126–132, 137–48.) Plaintiff then requested an administrative hearing. (Tr. 149–151.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 42–75.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 17–35.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals

Council denied.  (Tr. 1–4, 13–14.)  Plaintiff then timely filed a complaint with this Court.  (Dkt. 1.)  The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1967, claimed disability beginning on October 31, 2011.  (Tr. 78.)  Plaintiff has a limited education.  (Tr. 27.)  Plaintiff's past relevant work experience included work as an order puller, a marker, and a kitchen helper.  (Tr. 27.)  Plaintiff alleged disability due to problems with her feet, including having no cartilage in her toes and being unable to stand, severe anemia, and a heart murmur.  (Tr. 78.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since October 31, 2011, the alleged onset date.  (Tr. 22.)  After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: osteoarthritis in the bilateral feet, hips, right knee, and lower back, an enlarged thyroid, and obesity.  (Tr. 22.)  Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing").  (Tr. 23.)  The ALJ then concluded that Plaintiff retained the following residual functional capacity ("RFC"):

> to perform work at the sedentary exertional level . . . that does not require more than occasional climbing of ladders, ropes, or scaffolds; no more than frequent climbing of ramps/stairs, crawling, and crouching; and no more than a concentrated exposure to extreme cold and hazards.

(Tr. 23.)  In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not fully credible.  (Tr. 24.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined that Plaintiff could not perform her past relevant work. (Tr. 27.) Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as an order clerk, a charge account clerk, and a laminator. (Tr. 28.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 29.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past

relevant work.  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience.  20 C.F.R. § 416.920(a).  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  *See* 42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal.  *Keeton*, 21 F.3d at 1066.  The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff raises the following issue on appeal: the ALJ failed to fully and adequately consider all of the evidence of record concerning Plaintiff's diarrhea. Specifically, Plaintiff argues that the ALJ discredited Plaintiff's testimony regarding her diarrhea when the ALJ should have found Plaintiff's diarrhea to be an additional severe impairment. (Dkt. 20 at 7.) Further, Plaintiff argues that the ALJ's hypothetical to the VE erroneously omitted Plaintiff's need to use the restroom because of her diarrhea. (Dkt. 20 at 8.) As a result, Plaintiff argues, the VE's testimony cannot constitute substantial evidence to support the ALJ's decision that Plaintiff is not disabled.

The ALJ concluded that Plaintiff has severe impairments of osteoarthritis in her feet, hips, right knee, and lower back, an enlarged thyroid, and obesity. (Tr. 22.) Plaintiff first contends that her diarrhea should also have been found a severe impairment. At step two of the evaluation process, the ALJ must consider the medical severity of the claimant's impairments. 20 C.F.R. § 404.1520(a)(4)(ii). When considering the severity of the claimant's medical impairments, the ALJ must determine whether the impairments, alone or in combination, significantly limit the claimant's physical or mental ability to do basic work skills. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520(c)). In this step of the sequential process, the claimant bears the burden of proof that he or she suffers from a severe impairment or combination of impairments. *Gibbs v. Barnhart*, 156 F. App'x 243, 246 (11th Cir. 2005).

If an ALJ errs in finding that a claimant's additional impairments are non-severe, such error is harmless when the ALJ finds that a claimant has a severe impairment. *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 824–25 (11th Cir. 2010). This is because the ALJ has determined that step two of the analysis has been met and proceeds in the disability analysis. *Id.* ("Even if the ALJ erred in not indicating whether chronic pain syndrome was a severe impairment, the error was

harmless because the ALJ concluded that [claimant] had a severe impairment," which is all that is required at step two of the sequential analysis); *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014) ("Accordingly, even assuming that [claimant] is correct that her additional impairments were 'severe,' the ALJ's recognition of that as a fact would not, in any way, have changed the step-two analysis, and she cannot demonstrate error below."); *Burgin v. Comm'r of Soc. Sec.*, 420 F. App'x 901, 903 (11th Cir. 2011) ("Even assuming the ALJ erred when he concluded [claimant's] edema, sleep apnea, and obesity were not severe impairments, that error was harmless because the ALJ considered all of his impairments in combination at later steps in the evaluation process.").

The ALJ is, however, "required to consider all impairments, regardless of severity, in conjunction with one another in performing the *latter steps* of the sequential evaluation." *Tuggerson-Brown*, 572 F. App'x at 951 (emphasis added). The ALJ's failure to consider the combination of a claimant's impairments requires reversal. *Hudson v. Heckler*, 755 F.2d 781, 785 (11th Cir. 1985). As examples, an ALJ's statements that he considered whether claimant's impairment or combination of impairments met a Listing or that he considered all symptoms in determining the claimant's RFC are sufficient "to demonstrate that the ALJ considered all necessary evidence." *Tuggerson-Brown*, 572 F. App'x at 951 (finding the ALJ's discussion of the combined effects of claimant's impairments sufficient because the ALJ discussed the non-severe impairments in the ALJ's assessment of claimant's RFC); *Wheeler v. Heckler*, 784 F.2d 1073, 1076 (11th Cir. 1986) (emphasis in original) (quoting the ALJ and finding that it was "clear" that the ALJ considered claimant's impairments in combination because the ALJ stated that "'based upon a thorough consideration of all evidence, the ALJ concludes that appellant is not suffering

from any impairment, *or a combination of impairments* of sufficient severity to prevent him from engaging in any substantial gainful activity'").

In this case, at step two of the sequential evaluation process, the ALJ found that Plaintiff had severe impairments of osteoarthritis, an enlarged thyroid, and obesity. (Tr. 22.) Thus, the ALJ found in Plaintiff's favor at step two and proceeded to the next steps of the sequential evaluation process to determine whether Plaintiff was disabled. Because the ALJ found that Plaintiff had severe impairments and thus proceeded beyond step two, any error in failing to find that Plaintiff suffers from the *additional* severe impairment of diarrhea was harmless. *Packer v. Comm'r, Soc. Sec. Admin.*, 542 F. App'x 890, 892 (11th Cir. 2013).

Further, the ALJ considered Plaintiff's diarrhea in later steps of the sequential process. First, at step three of the sequential process, the ALJ properly considered all of Plaintiff's relevant impairments and found that Plaintiff did not have an "impairment or combination of impairments" that met or equaled a Listing (Tr. 23), which is sufficient to show that the ALJ considered the combined effect of Plaintiff's impairments. *Hutchinson v. Astrue*, 408 F. App'x 324, 327 (11th Cir. 2011); *Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991). Next, the ALJ considered Plaintiff's diarrhea when evaluating Plaintiff's RFC. (Tr. 26.) Specifically, the ALJ considered Plaintiff's testimony regarding her need to use the restroom due to her diarrhea and found this testimony unsupported by the medical evidence. (Tr. 26.) At the hearing, Plaintiff testified that her stomach problems cause her to go to the bathroom two to three times per hour. (Tr. 65.) The ALJ discredited this testimony, however, based on treatment notes from June 2013 in which Plaintiff reported experiencing diarrhea two to three times a week (Tr. 662), and July 2012 in which Plaintiff denied having diarrhea (Tr. 522). (Tr. 26.) Plaintiff argues that she continued to report having episodes of diarrhea in treatment records in October 2013 (Tr. 660–61)

and February 2014 (Tr. 655–59). (Dkt. 20 at 7.) To the extent Plaintiff argues that the Court should re-weigh the evidence, this Court "may not decide the facts anew, reweigh the evidence, or substitute" its judgment for the ALJ's. *Bloodsworth*, 703 F.2d at 1239. Instead, when the ALJ's decision is supported by substantial evidence, as it is here, the ALJ's decision must not be disturbed even if the evidence preponderates against it. *Id.*

Accordingly, because the ALJ found that Plaintiff has severe impairments, the ALJ's determination that Plaintiff's diarrhea is non-severe, even if erroneous, was harmless. Further, the ALJ sufficiently considered whether the combination of Plaintiff's impairments rendered Plaintiff disabled because the ALJ considered all of Plaintiff's impairments, severe and non-severe, during latter steps of the sequential process. Accordingly, Plaintiff's contention that the ALJ erred at step two does not warrant reversal.

Next, Plaintiff argues that the ALJ erred by failing to include Plaintiff's need for restroom breaks in the hypothetical to the VE. (Dkt. 20 at 8.) Where, as here, the ALJ determines that a claimant cannot perform past relevant work, the Commissioner must produce evidence that claimant is able to do other jobs existing in significant numbers in the national economy given the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1560(c). One method is through the testimony of a VE. *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). "In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id.*

Importantly, however, the ALJ is "not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported." *Crawford v. Comm'r Of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004). Specifically, the ALJ need not include a claimant's symptoms that are unsupported by the medical record. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270

(11th Cir. 2007) (holding that the ALJ did not err by excluding claimant's symptoms of fatigue, insomnia, anxiety, and depression from the hypothetical to the VE because these symptoms were not supported by medical evidence and the evidence showed they were alleviated by medication). Here, because the ALJ's evaluation of Plaintiff's testimony regarding her diarrhea is supported by substantial evidence, the ALJ did not err by not including this limitation in his hypothetical to the VE. *See Crawford*, 363 F.3d at 1161; *Ingram*, 496 F.3d at 1270. Therefore, Plaintiff's contention that the ALJ's hypothetical to the VE was incomplete is unavailing.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on June 25, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record